STATE EX REL. DUDLEY *v.* LYON.

4-4074

Opinion delivered December 16, 1935.

Joe C. Barrett, for appellant.
Robert W. Wilson, for appellee.

BAKER, J. On April 18, 1935, the appellee was appointed notary public in and for Craighead County, Arkansas. At the time of her appointment, the Honorable J. M. Futrell, Governor of Arkansas, and the Honorable Lee Cazort, Lieutenant Governor of Arkansas, were both absent from the State. Senator W. F. Norrell, President *pro tempore* of the Senate, acting as Governor, made this appointment. Thereafter, this suit was instituted by the Honorable Denver L. Dudley, as prosecuting attorney of the Second Judicial Circuit, asking that the appellee be ousted from the office of notary public, and that the commission so issued to her be declared null and void. To this complaint a demurrer was filed by the respondent. The demurrer was sustained, and, the State refusing to plead further, judgment was accordingly entered. This appeal is from that judgment.

The appointment of respondent here is a mere incident. The real contest is a matter that will be settled by our determination of the question of the validity of the appointment of this notary public.

The real matter in issue is whether Senator W. F. Norrell, who was President of the Senate at the time it adjourned, or the Hon. Harve Thorn, who was Speaker of the House upon the adjournment of that body, shall be the chief executive officer, or shall act as Governor, in the event of the absence from the State, death, or other disability of the Governor and Lieutenant-Governor to exercise the functions of that office.

In the briefs furnished us upon this question, we have history and much erudition supplying in logical and highly argumentative form a great deal of information and entertainment.

To us, at the present day, the position of Lieutenant-Governor is a comparatively new office. It was not known under the Constitution of 1874 until Amendment No. 6 was adopted in 1914.

This amendment was proposed by the Legislature of 1913 and was numbered as Constitutional Amendment No. 16 at the time it was proposed, and now appears on page 1527 of the Acts of 1913 as a joint resolution of the House and Senate.

Without attempting an elaborate discussion of the question here involved, let it be said that § 5 of said Amendment No. 6, adopted in 1914, is as follows:

"If during a vacancy of the office of Governor, the Lieutenant-Governor shall be impeached, displaced, resign, die, or become incapable of performing the duties of his office or be absent from the State, the President of the Senate shall act as Governor until the vacancy be filled or the disability shall cease; and if the President of the Senate for any of the above causes shall become incapable of performing the duties pertaining to the office of Governor, the Speaker of the Assembly shall act as Governor until the vacancy be filled or the disability shall cease."

We think that section is the key to the difficulty, and really operates as a solution of the problem here presented. There is little room for interpretation or construction.

The section mentions the Lieutenant-Governor and provides that if he should be impeached, displaced, re-

sign, die, or become incapable of performing the duties of his office, or be absent from the State, the President of the Senate shall act as Governor until the vacancy be filled or the disability shall cease.

Two different officials are mentioned. The one is the Lieutenant-Governor, the other the President of the Senate. The use of these terms in the one paragraph certainly must refer to the President of the Senate as contradistinguished from the Lieutenant-Governor, who is also President of the Senate.

The Constitution therefore recognizes the President of the Senate, prescribes his duties and sets forth the manner and occasion upon which he may perform the duties or functions of office, just as § 4 of the same amendment sets forth and prescribes the duties of the Lieutenant-Governor, and determines the times and occasions upon which he may exercise or discharge such duties.

It seems that the objection made in this case, that Senator W. F. Norrell may not act, because it is urged he is President *pro tempore,* and that because he is so designated as President *pro tempore,* this court may not hold that he is qualified to act in succession to avoid a vacancy in office, without amending by judicial interpretation the Constitution, by adding, in § 5, after the word "President," in the line that speaks of the President of the Senate, the two words, *"pro tempore."* This contention must be regarded as wholly without merit. Such argument is another instance thoroughly illustrative of the trite proverb, "putting the cart before the horse."

The words, or expression *"pro tempore,"* as frequently used in referring to the President of the Senate, are words of description only, no doubt brought into use solely to distinguish the President of the Senate from the Lieutenant-Governor, who is frequently referred to, particularly during legislative sessions as "President of the Senate."

While it may not be said that there is a mistake in referring to the President of the Senate as "President

*pro tempore,"* the designation is used not improperly as a matter of convenience, though extreme accuracy might require the Lieutenant-Governor to be designated always as the Lieutenant-Governor and the other as the President of the Senate. In other words, the Constitution does not recognize the office of President *pro tempore* of the Senate. The descriptive *"pro tempore"* is surplusage, no more necessary than some other adjective that might indicate some particular characteristic, in relation to the office.

Aside from an analysis of this particular section of the amendment, we have been cited to no act of the Legislature, designating the particular position as "President *pro tempore,"* but it may be said that if the position may be so characterized in obedience to statutory mandate that it could refer to no other position than that mentioned in § 5 of said Amendment No. 6, the President of the Senate.

Therefore, since Senator W. F. Norrell was and is President of the Senate, and the Governor and Lieutenant-Governor were both absent from the State, he was next in line of succession with the full power and authority to act as Governor during that interval, and until the disabilities of the Governor and Lieutenant-Governor ceased.

It follows that the trial court was correct, and the judgment is affirmed.